333 F.2d 573
 Charlie RITTENBERRY, Plaintiff-Appellee,
v.
John L. LEWIS, Henry G. Schmidt and Josephine Roche, as
Trustees of the United Mine Workers of America
Welfare and Retirement Fund of 1950,
Defendants-Appellants.
 No. 15654.
 United States Court of Appeals Sixth Circuit.
 June 19, 1964.
 
 Charles L. Widman, Washington, D.C., for appellants, R. R. Kramer, E. H. Rayson, Knoxville, Tenn., Val J. Mitch, Harold H. Bacon, Washington, D.C., on the brief.
 Harold H. Gearinger, chattanooga, Tenn., for appellee, Moore, Gearinger & Swafford, Chattanooga, Tenn., on the brief.
 Before CECIL and EDWARDS, Circuit Judges, and McALLISTER, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Appellee brought suit against the trustees of the United Mine Workers of America Welfare and Retirement Fund. This fund was created by the Trust Indenture contained in the National Bituminous Coal Wage Agreement of 1950, pursuant to authority in the Labor Management Relations Act of 1947 (29 U.S.C. 186(c)). The suit seeks to establish that appellee is a fund beneficiary and entitled to a pension.
 
 
 2
 Service of process was effected in each case under authority of Section 20-223, Tennessee Code Annotated, as amended by Chapter 254 of the Public Acts of Tennessee, 1963.
 
 
 3
 Appellants moved to dismiss, or, in the alternative, to quash the service of process, on the grounds that process under Section 20-223, Tennessee Code Annotated, as amended, is invalid and ineffective in that the Trust Fund is not a suable entity, and the statute does not provide for service of process upon the trustees in their individual capacity; that the Trust Fund and the trustees are not doing business in Tennessee as contemplated by Section 20-223, Tennessee Code Annotated; that the Trust Fund is a trust of movables with its situs in the District of Columbia, and its administration may be reviewed only by the courts of that jurisdiction; and that the attempted service of process violated the due process and full faith and credit provisions of the United States Constitution.
 
 
 4
 In a comprehensive opinion in the district court, Judge Frank W. Wilson held that, under the 1963 Amendment to the Tennessee Substituted Service Statute, jurisdiction was afforded over nonresident trusts doing business in Tennessee; and denied the motions to dismiss, or to quash service of process. Rittenberry v. John L. Lewis, Henry G. Schmidt and Josephine Roche, as Trustees of the United Mine Workers of America Welfare and Retirement Fund of 1950, D.C., 222 F.Supp. 717. In his opinion, Judge Wilson held that the Tennessee statute[1] contemplated, and was sufficient to accomplish the purpose of regulating the doing of business in Tennessee by nonresident trusts by providing for substituted personal service upon the trustees of the Trust Fund through the secretary of state, although it did not, in literal terms provide for service upon the trustees, as opposed to the Trust; that the Trust Fund established under the National Bituminous Coal Wage Agreement which, since its inception, had collected royalties upon much of the coal mined in Tennessee, and of which there were many beneficiaries in Tennessee; that the Fund maintained an area medical office in Tennessee, and was, in fact, 'doing business' in Tennessee within the meaning of Tennessee's Substituted Service Statute; that the activity of the trustees of the above-mentioned Trust constituted sufficient contact with Tennessee so as to make the Trust subject to substituted service under the Tennessee statutes in suits by persons claiming rights to receive pensions from the Fund; that jurisdiction was afforded over nonresident trusts doing business in Tennessee by the Tennessee statute providing for the service of process upon nonresident trusts; that such service was not violative of due process and the full faith and credit clauses of the federal constitution.
 
 
 5
 'It is not the policy or practice of this court, in reviewing cases on appeal where a district court has rendered a comprehensive opinion with which we find ourselves in full agreement, to rewrite such an opinion and, in a sense, to deprive the trial court of the credit of its careful consideration of the issues and arguments, and complete determination of the cause * * *.' Patrol Valve Co. v. Robertshaw-Fulton Controls Co., 210 F.2d 146, 147 (C.C.A. 6). The foregoing policy, practice, and rule of this court was reaffirmed, in the same language, in West v. United States, 274 F.2d 885 (C.C.A. 6).
 
 
 6
 With the comprehensive opinion of the district court in this case, and in its conclusions on all issues, we find ourselves in full agreement.
 
 
 7
 In accordance with the foregoing, the order of the district court denying appellants' motion to dismiss or, in the alternative, to quash service of process, is affirmed for the reasons set forth in the opinion of Judge Wilson.
 
 
 
 [1]
 Section 20-223, Tennessee Code Annotated, as amended by Chapter 254 of the Public Acts of Tennessee for 1963, provides for substituted service upon nonresident trusts doing business in Tennessee, in the following language:
 'Any unincorporated association or organization, whether resident or nonresident, including nonresident partnerships and nonresident trusts, doing or desiring to do business in this state by performing any of the acts for which it was formed, shall, before any such acts are performed, appoint an agent in this state upon whom all process may be served, and certify to the clerk of the circuit court of each county in which said association or organization desires to perform any of the acts for which it was organized the name and address of such process agent. If said unincorporated association or organization shall fail to appoint the process agent pursuant to this section, all process may be served upon the secretary of the state of Tennessee. Upon such service, the secretary of state by registered return-receipt mail shall forward a copy of the process to the last known address of such unincorporated association or organization. Service upon the process agent appointed pursuant to this section or upon the secretary of state, if no process agent is appointed, shall be legal and binding on said association or organization, and any judgment recovered in any action commenced by service of process, as provided in this section, shall be valid and may be collected out of any real or personal property belonging to the association or organization.'